UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Radio Advertising Marketing Plan, LLC,  Civil No. 10-3396 (DWF/JSM)
a Pennsylvania corporation,

    Plaintiff,

v.  **MEMORANDUM**
 **OPINION AND ORDER**

Bruce Filson, an individual,

    Defendant and
    Third-Party Plaintiff,

v.

Clear Channel Communications, Inc.,

    Third-Party Defendant.

---

Mark E. Dooley, Esq., and Michael L. Puklich, Esq., Neaton & Puklich, PLLP, counsel for Plaintiff.

Michael D. Schwartz, Esq., Michael D. Schwartz, PA, counsel for Defendant and Third-Party Plaintiff.

Michael B. Chase, Esq., Michael B. Chase & Associates, counsel for Third-Party Defendant.

---

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss Defendant Filson's Counterclaims brought by Plaintiff Radio Advertising Marketing Plan, LLC ("RAMP"); a Motion to Dismiss Filson's Third-Party Complaint brought by Third-Party Defendant Clear Channel Communications, Inc. ("Clear Channel"); and a Motion for Sanctions brought by Clear Channel.[1]  For the reasons set forth below, the Court grants the motions to dismiss and the motion for sanctions.

## BACKGROUND

RAMP and Defendant Bruce Filson, D.D.S., entered into a marketing agreement on or about September 18, 2001.  (Compl. ¶ 4.)  On May 25, 2007, Filson brought an action against both RAMP and Clear Channel for an alleged breach of contract based on allegations that RAMP and Clear Channel failed to air radio advertisements for Filson's dental practice.  (Compl. ¶¶ 4-5.)  During this dispute, RAMP alleged that on December 20, 2005, RAMP sent an e-mail to Clear Channel (the "December 20 e-mail") setting forth instructions and other information for radio commercials to be run for Filson.  (Countercl. and Third-Party Compl. ¶ 10.)  RAMP and Filson arbitrated their dispute, and Filson was awarded $171,258.  (Compl. ¶ 6; Countercl. and Third-Party Compl. ¶ 12-13.)  Clear Channel was not a party to the arbitration, and RAMP and Filson

---

[1]  Filson did not file a memorandum in opposition to either motion but did appear to argue during the hearing on this matter.

did not resolve their respective disputes against Clear Channel during the arbitration. (Compl. ¶ 7; Countercl. and Third-Party Compl. ¶ 14.)

On or about August 14, 2009, RAMP and Filson entered into a Satisfaction of Judgment Agreement. (Compl. ¶ 8; Countercl. and Third-Party Compl. ¶ 15; Aff. of Mark E. Dooley ("Dooley Aff.") ¶ 2, Ex. 1 ("RAMP/Filson Agreement").) Pursuant to the RAMP/Filson Agreement, Filson and RAMP agreed "to truthfully and fully cooperate with each other" with respect to Filson's claims against Clear Channel. (Ramp/Filson Agreement at 1-2.) RAMP and Filson also agreed that Filson would share any award that Filson procured against Clear Channel, with Filson receiving 2/3 and RAMP receiving 1/3 of any such award. (Ramp/Filson Agreement at 2.)

In January 2010, Filson, Clear Channel and RAMP all participated in a settlement conference with Magistrate Judge Janie S. Mayeron. At the settlement conference, the parties discussed, among other things, whether RAMP had sent the December 20 e-mail to Clear Channel. RAMP contended that it had sent the e-mail. According to Filson, Clear Channel represented that RAMP had not sent the e-mail, that the e-mail was not received by Clear Channel, and that Clear Channel had proof to establish the same. (Countercl. and Third-Party Compl. ¶ 21.)

Despite the factual dispute with respect to the December 20 e-mail, the parties settled their dispute. On January 21, 2010, Filson signed a Release and Settlement Agreement (the "Clear Channel/Filson Release"). (Dooley Aff. ¶ 3, Ex. 2.) The Clear Channel/Filson Release included a mutual release of claims that were brought or could

3

have been brought and a provision requiring Clear Channel to pay $150,000.[2] (Dooley Aff. ¶ 3, Ex. 2.) The release provided in part:

> Release by Filson. . . . Filson, on behalf of himself and all affiliates and assigns, does hereby FULLY RELEASE AND FOREVER DISCHARGE Clear Channel . . . of and from any and every claim, demand, and cause of action whatsoever which Filson now has, or may hereafter have, against them, resulting from or in any manner connected with or growing out of the matters alleged, or which could have been alleged, in the civil action styled as *Filson v. RAMP and Clear Channel Broadcasting, Inc.*, 0:07-cv-3219 or any other claims relating to its dealings with Clear Channel.

(Dooley Aff. ¶ 3, Ex 2.)

Clear Channel paid Filson $150,000. RAMP demanded its portion ($50,000) under the RAMP/Filson Agreement. (Compl. ¶ 13.) Filson refused to pay. (*Id*. ¶ 14.)

On July 1, 2010, Filson contacted Magistrate Judge Mayeron requesting permission to conduct discovery regarding alleged misrepresentations by Clear Channel during the settlement conference. The request was denied. (Doc. No. 51 in 07-cv-3219.) Also on July 1, 2010, RAMP brought the present action for breach of contract in Carver County District Court, alleging that Filson had failed to pay amounts due and owing under the RAMP/Filson Agreement. Filson answered the Complaint and asserted counterclaims against RAMP for breach of contract, fraudulent inducement, and misrepresentation, as well as third-party claims against Clear Channel for fraudulent

---

[2] RAMP and Clear Channel also entered into a settlement agreement resolving their cross-claims against each other. A stipulation of dismissal was filed with the Court and judgment was entered on June 4, 2010, dismissing the entire case with prejudice and on the merits. (Doc. Nos. 48 & 50 in 07-cv-3219.)

4

inducement and misrepresentation. (Countercl. and Third-Party Compl.) On or about August 9, 2010, Clear Channel removed this case to federal court.

RAMP and Clear Channel now move separately to dismiss Filson's claim for failure to state a claim. In addition, Clear Channel moves for sanctions against Filson.

## DISCUSSION

**I.    Legal Standard**

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently

reiterated, "[t]he threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Igbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. RAMP's and Clear Channel's Motions to Dismiss

At the heart of Filson's counterclaims against RAMP and third-party claims against Clear Channel are its assertions that both RAMP and Clear Channel fraudulently induced Filson to settle his case against Clear Channel by making false representations regarding the December 20 e-mail. In particular, Filson asserts that RAMP falsely represented that it sent the December 20 e-mail to Clear Channel and that Clear Channel falsely represented that it never received the December 20 e-mail. Even assuming all facts in the Filson's counterclaims and third-party claims to be true and construing all reasonable inferences in favor of Filson, the Court concludes that Filson's counterclaims against RAMP and third-party claims against Filson fail to state a claim upon which relief can be granted.

First, the claims that Filson asserts against Clear Channel are subject to the release of claims that Filson executed on January 21, 2010. During the January 2010 settlement conference that resolved Filson's claims against Clear Channel, the parties discussed the dispute of fact between RAMP and Clear Channel regarding the December 20 e-mail. Filson was well aware that RAMP and Clear Channel disputed whether RAMP had sent and Clear Channel had received the e-mail. Despite having knowledge of this material

factual dispute, Filson entered into a settlement agreement and signed a formal settlement agreement and release with Clear Channel. The release provides specifically that Filson fully releases and forever discharges Clear Channel:

> of and from any and every claim, demand, and cause of action whatsoever which Filson now has, or may hereafter have, against them resulting from or in any manner connected with, or growing out of the matters alleged, or which could have been alleged, in the civil action styled as *Filson v. RAMP and Clear Channel Broadcasting, Inc*., 0:07-cv-3219 or any other claims relating to its dealings with Clear Channel.

(Dooley Aff. Ex 2 at ¶ 3.) There being no doubt that Filson's third-party claims against Clear Channel "result from" and "grow out of" the matters alleged or that could have been alleged in Filson's prior suit against Clear Channel, they are barred by the clear and unambiguous language of the Clear Channel/Filson Release.

Second, Filson's claims against RAMP also fail. As explained above, Filson participated in the January 2010 settlement conference, where he was presented with RAMP's and Clear Channel's contradictory statements regarding the December e-mail. Filson decided to settle his case against Clear Channel despite the material factual dispute. Filson now asserts claims against RAMP for breach of contract, fraudulent inducement and misrepresentation. Each of these claims fail as a matter of law because Filson has failed to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

To prevail on his claims of fraudulent inducement and misrepresentation, Filson will have to demonstrate justifiable reliance and damages attributable to the misrepresentation. *See Cohen v. Appert*, 463 N.W.2d 787, 789 (Minn. Ct. App. 1990)

7

(setting forth the elements of fraudulent inducement, including reasonable reliance and actual damages); *see also Trustees of the Twin Cities Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.,* 450 F.3d 324, 331 (8th Cir. 2006) (stating that under Minnesota law, claims for fraudulent and negligent misrepresentation require proof of justifiable reliance).

Even construing all reasonable inferences from the facts alleged in the light most favorable to Filson, Filson cannot demonstrate justifiable reliance. Filson was fully aware of RAMP's and Clear Channel's competing statements regarding the December 20 e-mail. Knowing that is was not possible, or at least highly unlikely, for both RAMP's and Clear Channel's statements to be true, Filson decided to settle his claims rather than to further explore the parties' factual support for their statements through, for example, additional discovery. Thus Filson has failed to allege facts that could establish reasonable or justifiable reliance. Moreover, Filson cannot demonstrate, on the facts alleged, that he suffered damage due to RAMP's alleged misrepresentation. The facts alleged demonstrate that Filson's and RAMP's interests were aligned and that RAMP's alleged misrepresentation (that it sent the e-mail to Clear Channel) actually supported Filson's claims against Clear Channel. The failure to sufficiently allege damage serves as grounds to dismiss both Filson's misrepresentation claims and breach of contract claim against RAMP.

For the above reasons, the Court dismisses Filson's counterclaims against RAMP and his third-party claims against Clear Channel with prejudice.

### III. Clear Channel's Motion for Sanctions

Clear Channel asserts that Rule 11 sanctions are warranted because Filson knew at the time that he asserted his third-party claims against Clear Channel that they were released, barred, and meritless. Clear Channel asserts that Filson asserted the third-party claims for the improper purpose of obtaining discovery from Clear Channel and to persuade Clear Channel to contribute to settling the present dispute between RAMP and Filson.

Rule 11 sanctions may follow when a pleading is submitted to the court for an improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation"; if it is not supported by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law; or if the allegations contained therein lack evidentiary support. *See* Fed. R. Civ. P. 11(b)(1-3); *Clark v. United Parcel Serv., Inc.,* 460 F.3d 1004, 1008 (8th Cir.2006). To satisfy the requirements of Rule 11, an attorney is obligated to conduct a reasonable inquiry into the factual and legal basis for a claim. *Coonts v. Potts,* 316 F.3d 745, 753 (8th Cir. 2003). In determining whether sanctions are warranted, the court considers "whether a reasonable and competent attorney would believe in the merit of [the] argument." *Id.* (internal quotations omitted). The Court has broad discretion in the choice of sanctions. *Id.*

Here, the Court concludes that it was unreasonable to believe that Filson's present claims against Clear Channel were not encompassed and foreclosed by the Clear Channel/Filson Release. Accordingly, sanctions are warranted in the amount of $500.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Clear Channel's Motion to Dismiss (Doc. No. [5]) is **GRANTED**.

2. RAMP's Motion to Dismiss (Doc. No. [17]) is **GRANTED**.

3. Filson's counterclaims asserted against RAMP are **DISMISSED WITH PREJUDICE**.

4. Filson's third-party claims asserted against Clear Channel are **DISMISSED WITH PREJUDICE**.

5. Clear Channel's Motion for Sanctions (Doc. No. [25]) is **GRANTED**.

6. Filson's counsel shall pay Clear Channel $500.


Dated: December 21, 2010         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge